UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ZOLTAN LEBOVITCH
on behalf of himself and
all other similarly situated consumers

                              Plaintiff,

      -against-

D&A SERVICES, LLC OF IL

                             Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Zoltan Lebovitch seeks redress for the illegal practices of D&A Services, LLC of IL concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Des Plaines, Illinois.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Zoltan Lebovitch*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about September 29, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Upon information and belief, the said letter was the Defendant's initial communication with the Plaintiff.

12. The said letter stated: "As required by law, you are hereby notified that a negative credit report on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."

13. Said letter misrepresented and contradicted the Plaintiff's right to dispute the debt under § 1692g and was deceptive in violation of 15 U.S.C. §§ 1692e and 1692e(10).

14. Said letter fails to explain that if such action is taken against the Plaintiff within the thirty day period, he is still however, able to dispute the debt within that thirty day period.

15. Said letter does not refer to the consumer's right to dispute the debt and the language used in the letter implies a sense of urgency.

16. The implication of the language in the said letter would lead the least sophisticated consumer to ignore his or her right to use out the legally allotted thirty days to validate the debt and act immediately.

17. The least sophisticated consumer would be left in the dark as to whether or not he or she still had the right to dispute the debt within the thirty day validation time period.

18. Section 1692g(b) of the FDCPA states:

    "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

19. Such a statement that the Defendant would report information regarding the account to credit agencies was a tactic to scare the Plaintiff and the least sophisticated consumer into paying the debt immediately.

20. It is a violation of the FDCPA to include language in a letter that overshadows the required 15 U.S.C. § 1692g statement.

21. The said language overshadowed and contradicted the validation notice stated above it, in the letter, and was misleading.

22. The Second Circuit has indicated that any reference to credit reporting in conjunction with the validation notice would overshadow a debtor's validation rights.

23. In fact, the Second Circuit found a significant concern even in a case where the threat to report was clearly going to occur after the 30-day validation period. The Second Circuit found that a statement on the front of a collection letter that stated if the debt was not paid _after_ thirty days it would be forwarded to credit reporting agency when read in conjunction with the verification notice on the reverse side, could contradict the thirty-

day verification notice. See [1] McStay v. I.C. System, Inc., 308 F.3d 188, 191 (2d Cir.2002). (Finding Plaintiff's argument - that a debt collector's threat to report the debt to the National Credit Reporting Agencies after the 30 day validation period had overshadowed and contradicted the validation notice - was a significant argument but declined to consider the issue since it was raised for the first time on appeal.)

24. In addition, the said language is including, but not limited to, a threat to take unintended an action that is beyond letter communications.

25. Upon information and belief, the Defendant did not intend to report Plaintiff's account to any credit reporting agency.

26. Defendant's letter is in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8), 1692e(10), 1692f and 1692g, for making false and deceptive threats of credit reporting by stating false credit information which further overshadowed the Plaintiff's validation rights.

27. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the

---

[1] Creighton v. Emporia Credit Serv., Inc., 981 F. Supp. 411 (E.D. Va. 1997). ("The least sophisticated debtor could reasonably interpret the notice as a demand for immediate payment or failure resulting in Defendant's *immediate* just cause to place the item on her credit report. Such an interpretation would circumvent the validation notification which requires a thirty-day period in which the claim may be disputed." The court noted that "Defendant claims that its statements do not demand payment "immediately" or "today." However, "your unpaid bill must be paid in full to this office upon receipt of this notice" is the equivalent to immediately". The court also found that "The notice states that "failure to pay in full when notified will be just cause to place this item on your credit record." Defendant argues that this just means that there is a possibility of this happening and not a threat that the collector will do so. This distinction is not persuasive because, if it means that they could do so, it is deceptive, since the thirty-day dispute requirement would prevent doing so immediately."), Perdue v. United Credit Mgmt. Corp. 2000 U.S. Dist. LEXIS 1502 (N.D. Ill. Feb. 9, 2000). ("This possible confusion is heightened by the fact that the "Adverse Action Notice" at the very bottom page indicates only that the account "*may be reported to ... credit reporting agencies*." No mention is made of when this may occur. It may be that a person with sufficient background in the Fair Debt Collection Practices Act would know that the threat of reporting cannot legally interfere with the debtor's right to challenge the debt, but whether the unsophisticated consumer would realize this is subject to dispute. Therefore, the Court cannot now find the letter not confusing. The motion to dismiss is denied."), Vaughn v. CSC Credit Servs., 1994 U.S. Dist. LEXIS 2172, at *24 (N.D. Ill. Feb. 28, 1994). ("CSC's assertion that the letter does not threaten any negative action because it states that the "account could be added to your credit bureau record" and does not actually threaten action will be taken, is unconvincing. The message conveyed by a collection letter is viewed as the least sophisticated consumer would view it. *Clomon v. Jackson,* 988 F.2d 1314, 1318-20 (2nd Cir. 1993). The implication to even a sophisticated consumer is that it CSC will take action. There is no reason for the consumer to think that CSC is making an idle comment with no intent to follow through. The threat is clear; pay or lose your good credit. "The form thus represents an attempt 'on the part of the collection agency to evade the spirit of the notice statute and mislead the debtor into disregarding the [required debt] validation notice.'"), Peters v. Collection Tech. Inc., 1991 U.S. Dist. LEXIS 21810 (D. Or. Dec. 5, 1991). ("The May letter includes a validation notice in finer print that is relegated to the bottom of the page. Unlike the one-third smaller print in *Swanson*, the validation notice in the May letter is only a slightly smaller print. However, the May letter states that "payment in full is expected at once" and that the agency "report[s] all unpaid accounts to TRW Credit Data within 30 days of [the] notice." Furthermore, the May letter extols the debtor to "mail or bring this notice to our office with full payment today." The content of the May letter appears misleading by requesting immediate payment of the debt. An unsophisticated debtor, and even an average debtor, may be prompted to ignore the debtor's statutory right to verify the debt in thirty days and instead pay immediately to avoid unfavorable credit reports in the debtor's credit file.")

Defendant.

28. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

29. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

30. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

31. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

32. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

33. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

34. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

35. As an actual and proximate result of the acts and omissions of D&A Services, LLC of IL, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

36. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty five (35) as if set forth fully in this cause of action.

37. This cause of action is brought on behalf of Plaintiff and the members of a class.

38. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 29, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to JH Portfolio Debt Equities LLC; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8), 1692e(10), 1692f and 1692g, for making false and deceptive threats of credit reporting by stating false credit information which further overshadowed the Plaintiff's validation rights.

39. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

40. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

41. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

42. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

43. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

44. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
September 30, 2018

      /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

      /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)



**D & A Services, LLC of IL**
1400 E. Touhy Ave, Ste. G2
Des Plaines, IL 60018

| D&A # | Original Creditor | Current Creditor | Account Number | Current Balance |
|---|---|---|---|---|
| 53 | First National Bank of Omaha | JH Portfolio Debt Equities LLC | XXXXXXXXXXXX9625 | $11,172.96 |

Toll Free: 877-894-7353
Fax: 855.226.1835  •  Web: https://myaccount.dnasllc.com
Hours of Operations:    M-Th 8 am – 8 pm CST
418                                                Fri 8 am – 5 pm CST
Sat 8 am – 12 pm CST

Zoltan Lebovich

New York City Department of Consumer Affairs
License Number(s): 2024361-DCA, 2024421-DCA

September 29, 2017

Dear Zoltan Lebovich:

This account has been placed with our office for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

You may pay online by using the following link. Web: https://myaccount.dnasllc.com

Sincerely,
Anthony Crews
877-894-7353
D&A Services, LLC

As required by law, you are hereby notified that a negative credit report on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Accounting of Debt:
The total amount of the debt due as of charge-off: $11,172.96
The total amount of interest accrued since charge-off: $0.00
The total amount of non-interest charges or fees accrued since charge-off: $0.00
The total amount of payments and credits made on the debt since the charge-off: $0.00

***detach below and return in the enclosed envelope with your payment***

1400 E. Touhy Ave
Suite G2
Des Plaines, IL  60018

877-894-7353

| D&A# | Current Balance |
|---|---|
| 53 | $11,172.96 |

| Contact Number | Payment Amount $ |
|---|---|

Zoltan Lebovich

Make your check or money order payable to:
D & A Services, LLC of IL
1400 E. Touhy Ave
Suite G2
Des Plaines, IL  60018

*When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

00171